IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER WOJCIK | ) | |
| 7501 Iroquois Avenue | ) | |
| Baltimore, MD 21219 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

The United States of America brings this action pursuant to 31 U.S.C. § 3711 at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States to collect the outstanding civil penalties assessed against Defendant Christopher Wojcik under 31 U.S.C. § 5321 for his willful failure to report his interest in a foreign bank account during calendar years 2008 and 2009, as required by 31 U.S.C. § 5314 and its implementing regulations.

## I.      JURISDICTION AND VENUE

1.   This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345 and 1355 because it arises under a federal statute, it is for the enforcement of a penalty incurred under an Act of Congress, and because the plaintiff is the United States of America.

2.   Venue is proper in this district under 28 U.S.C. § 1391 because Defendant resides in Baltimore, Maryland.

## II.       DEFENDANT'S FOREIGN BANK ACCOUNT AND FAILURE TO REPORT

3.  In 2007, Defendant established Bulk Process Systems, Inc. ("BPS"), an "S" corporation based in Baltimore, Maryland.  BPS specializes in the engineering, consulting, and installation of bulk process equipment.  In 2008, Defendant was a 51% shareholder of BPS.

4.  In May 2008, Defendant formed Intelligent Information Systems, Ltd. ("IIS"), a foreign LLC located on the island of Anguilla, a British territory and zero-tax jurisdiction.

5.  Defendant opened a bank account for IIS in June 2008 under account number x299-0 at the National Bank of Anguilla, Ltd. ("Anguilla account").

6.  In July 2008, Defendant wired $1,701,000.00 from BPS's Baltimore bank account to the IIS Anguilla account.  Defendant then opened a Canadian brokerage firm account, and wired the $1.7 million from the Anguilla account to the Canadian brokerage firm account in order to purchase preferred stock in Ecosynthetix, Inc., a Canadian start-up company preparing for an initial public offering ("IPO").  Upon purchase, IIS was the holder of the Ecosynthetix, Inc. stock.

7.  Defendant sold a portion of his shares in Ecosynthetix, Inc. one year later in November 2009, and received $102,311.85.  Defendant wired the proceeds of that sale to the Anguilla bank account.  Defendant sold the remainder of the Ecosynthetix, Inc. shares in calendar year 2012, the proceeds of which he also wired to the Anguilla account.

8.  Defendant had an interest in Anguilla bank account during calendar years 2008 and 2009.

9.  The aggregate amount in the Anguilla bank account exceeded $10,000 in U.S. currency during the calendar years 2008 and 2009.

10. Section 5314 of Title 31 of the U.S. Code and its implementing regulations require a person to keep records and file reports when that person maintains a relation with a foreign

financial agency.  Such reports must be filed with the Internal Revenue Service ("Service") on the Treasury Form TD 90-22.1, Report of Financial Bank and Financial Accounts ("FBAR"). The FBAR must be filed on or before June 30 of the year following the calendar year for which the report is made.  31 C.F.R. § 1010.306(c).

11. Section 5321(a)(5) of Tile 31 provides for the imposition of civil penalties against an individual who either willfully or non-willfully fails to comply with the reporting requirements of Section 5314.

12. Defendant was required to file an FBAR reporting his financial interest in the Anguilla bank account for calendar years 2008 and 2009 on or before June 30, 2009 and 2010.  Defendant failed to timely file FBARs to report his interest in the Anguilla bank account.

13. On Schedule B of his Form 1040 for calendar year 2008, Defendant checked "No" in response to the question of whether he owned, or had an interest in, a foreign bank account.

14. Defendant took affirmative steps to attempt to conceal the $1.7 million used to purchase the Ecosynthetix, Inc. shares and the proceeds from the sale of those shares by establishing IIS and opening the IIS bank account in Anguilla, a no-tax jurisdiction.  By information and belief, IIS did not serve any legitimate business purpose, and existed only to conceal the $1.7 million used to purchase the Ecosynthetix, Inc. shares and the proceeds from the sale of those shares.  In addition, Defendant did not use IIS's Anguilla bank account for anything other than for receiving the original $1.7 million from BPS, transferring the $1.7 million to the Canadian brokerage firm, and receiving the proceeds from the sale of the Ecosynthetix, Inc. shares in 2009 and 2012.

### III.   REDUCE TO JUDGMENT FBAR PENALTY ASSESSMENTS

15.  The United States incorporates paragraphs 1 through 14 as if fully set forth herein.

16. On November 12, 2015, a delegate of the Secretary of the Treasury made assessments against Christopher Wojcik of FBAR penalties in the amounts of $100,000 for 2008, and $100,000 for 2009 for his willful failure to timely report his interest in the foreign bank account described in paragraph 5.

17. Despite notice and demand for payment of the assessments described in paragraph 16, Defendant neglected or refused to make full payment of those assessments.

18. Defendant Wojcik is indebted to the United States in the total amount of $215,760.70 as of January 26, 2017, plus interest and penalties that have accrued since that date, and will continue to accrue thereafter as provided by law until the balance is paid in full.

WHEREFORE, the United States of America respectfully requests that the Court adjudge and decree as follows:

    A.  That judgment be entered against Defendant Christopher Wojcik, and in favor of the United States, in the amount of $215,760.70 as of January 26, 2017, plus such additional amounts, including interest and penalties, which have accrued from January 26, 2017 and will continue to accrue as provided by law; and

    B.  That the United States shall recover its costs in this action, and be awarded such other and further relief as this Court deems just and proper.

//

//

//

4

DATED:  November 8, 2017

DAVID A. HUBBERT
Acting Assistant Attorney General

STEPHEN M. SCHENNING
Acting United States Attorney

/s/ *Joycelyn S. Peyton*
JOYCELYN S. PEYTON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C.  20044
Tel:  202-514-6576
Fax:  202-514-6866
Joycelyn.S.Peyton@usdoj.gov
*Counsel for the United States*